No. 53,444

STATE OF KANSAS, *Appellee*, v. RANDOLPH P. TOPHAM, *Appellant.*

(642 P.2d 986)

Opinion filed April 3, 1982.

*Philip D. Lunt,* county attorney, and *Thomas D. Haney,* assistant United States attorney, argued the cause, and *Philip D. Lunt, Robert T. Stephan,* attorney general, and *Christopher Y. Meek,* assistant attorney general, appeared on the brief for appellee.

*Alan C. Goering,* of Chapin, Penny & Goering, of Medicine Lodge, argued the cause and was on the brief for appellant.

The opinion of the court was delivered by

McFARLAND, J.: Randolph P. Topham appeals his jury trial convictions of two counts of first degree murder (K.S.A. 21-3401). The murder victims were defendant's wife and mother-in-law.

Two issues are raised on appeal. The first issue is whether defendant's statutory right to a speedy trial was violated. K.S.A. 22-3402 (Ensley) provides in pertinent part:

"(1) If any person charged with a crime and held in jail solely by reason thereof shall not be brought to trial within ninety (90) days after such person's arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3).

. . . .

"(3) The time for trial may be extended beyond the limitations of subsections (1) and (2) of this section for any of the following reasons:

. . . .

"(b) A proceeding to determine the defendant's competency to stand trial is pending and a determination thereof may not be completed within the time limitations fixed for trial by this section;

. . . .

"(d) Because of other cases pending for trial, the court does not have sufficient time to commence the trial of the case within the time fixed for trial by this

section. Not more than one continuance of not more than thirty (30) days may be ordered upon this ground."

The facts relevant to this issue are as follows: The crimes occurred on September 8, 1980, with the defendant being arrested the same date. On September 18, 1980, the county attorney filed a motion to determine defendant's competency to stand trial pursuant to K.S.A. 22-3302 [this statute and all others cited subsequently in this opinion refer to the K.S.A. Ensley edition unless otherwise noted]. The trial court granted the motion and ordered the defendant transferred to the State Security Hospital at Larned for a competency examination. In early December 1980, trial was set for March 16, 1981. Defendant was arraigned on December 30, 1980, at which time he was found competent to stand trial. On the same date, defendant filed a notice of intent to rely upon the defense of insanity pursuant to K.S.A. 22-3219. At the competency hearing, defendant objected to the court considering written reports from the Larned facility contending he should have been afforded an opportunity to cross-examine the medical experts. The court considered the reports in making its determination. At the same hearing a mental evaluation was ordered for defendant, the particulars to be set out later.

The clock on the statutory speedy trial requirements commenced to run on December 30, 1980, the date of defendant's arraignment. The defendant was in custody throughout the period. On January 20, 1981, the defendant was again ordered transferred to the Larned facility for: (1) a mental examination for competency pursuant to K.S.A. 22-3302; and (2) a mental examination for sanity pursuant to K.S.A. 22-3219(2). Ten days later, defendant was physically transported to Larned. At some unspecified time, defendant's March 16 trial date was continued to April 22, 1981. On March 17, 1981, defendant was transported back to the county jail from Larned. On March 27, 1981, defendant was again found competent to stand trial.

On April 8, 1981, defendant filed a motion for discharge noting that on March 30 the 90-day time limit to trial had expired. This motion was heard at the pretrial conference held the same date and denied. At the same pretrial conference the trial court granted defendant's motion that he be examined and evaluated by a Menninger Foundation psychiatrist, Dr. Herbert Modlin. Due to availability problems of Dr. Modlin, trial was subsequently con-

tinued at defendant's request from April 22 to May 13, 1981. One hundred thirty-four days elapsed between arraignment and date of trial.

Were defendant's statutory speedy trial rights violated? We think not. On December 30, 1980, defendant was arraigned and gave notice of his intent to rely on the defense of insanity. The statute setting forth the procedural requirements for asserting the insanity defense is K.S.A. 22-3219, which provides:

"(1) Evidence of mental disease or defect excluding criminal responsibility is not admissible upon a trial unless the defendant serves upon the prosecuting attorney and files with the court a written notice of such defendant's intention to rely upon the defense of insanity. Such notice must be served and filed before trial and not more than thirty days after entry of the plea of not guilty to the information or indictment. For good cause shown the court may permit notice at a later date.

"(2) A defendant who files a notice of intention to rely on the defense of insanity thereby submits and consents to abide by such further orders as the court may make requiring the mental examination of the defendant and designating the place of examination and the physician or physicians by whom such examination shall be made. No order of the court respecting a mental examination shall preclude the defendant from procuring at such defendant's own expense an examination by a physician of such defendant's own choosing. A defendant requesting a mental examination pursuant to K.S.A. 22-4508 may request a physician of such defendant's own choosing. The judge shall inquire as to the estimated cost for such examination and shall appoint the requested physician if such physician agrees to accept compensation in an amount in accordance with the compensation standards set by the board of supervisors of panels to aid indigent defendants. A report of each mental examination of the defendant shall be filed in the court and copies thereof shall be supplied to the defendant and the prosecuting attorney."

Section (1) of the statute requires that such notice be filed before trial and within 30 days after entry of a not guilty plea. Section (2) provides that a defendant filing such notice "submits and consents to abide by such further orders" as the court may make relative to mental examination. It is anticipated that the filing of the notice triggers at least one mental examination on the question of insanity. Such determination relates to sanity or legal insanity at the time of the commission of the offense and is wholly separate and apart from any mental examinations relative to competency to stand trial. In the usual case, at least one side is dissatisfied with the results of the first sanity examination and seeks another medical opinion. Hence, a foreseeable consequence of filing a notice of intent to rely on the insanity defense is delay in the commencement of trial.

We conclude that the filing of notice of intent to rely on the insanity defense, pursuant to K.S.A. 22-3219, operates as a waiver by said defendant of the requirements of the speedy trial statute (K.S.A. 22-3402) insofar as any such trial delay was reasonably occasioned by and attributable to the assertion of the insanity defense. In the case before us, 134 days elapsed between arraignment and the commencement of trial. Of such period, defendant was physically at the State Security Hospital at Larned for a court-ordered sanity examination for a period of 46 days. Subtraction of just this Larned time from the 134-day total results in defendant having gone to trial within the statutory 90-day period. There is no need to compute the number of other delays equally chargeable to the insanity defense or occasioned by the direct request of defendant.

The second issue is whether the trial court erred in refusing to adopt the doctrine of diminished responsibility and instruct on second degree murder and voluntary manslaughter in accordance therewith. The evidence in the case portrayed the defendant as having murdered the two women in accordance with a preconceived plan. The defendant did not dispute this, but rather asserted an insanity defense based on having committed the murders in response to being told to do so in a dream.

Defendant argues the jury had only two choices—guilty of first degree murder or not guilty by reason of insanity. He argues that Kansas should adopt the doctrine of diminished responsibility and permit the jury to consider whether defendant, although legally sane, was deprived of the mental ability to form the requisite specific intent. The jury then should have had the opportunity to consider the lesser offenses.

In *State v. Dargatz*, 228 Kan. 322, 332, 614 P.2d 430 (1980) this court was asked to adopt the doctrine of diminished responsibility. We held:

"The doctrine of diminished mental capacity, while never specifically rejected by this court, is inconsistent with the law of this state and we decline to adopt it."

We continue to decline to adopt the doctrine of diminished mental capacity. Said determination concludes this issue as the defendant contends he was entitled to the instructions solely under the doctrine of diminished responsibility.

The judgment is affirmed.