No. 92,510

STATE OF KANSAS, *Appellee*, v. RICKY D. MCGEE, *Appellant*.

(126 P.3d 1110)

Opinion filed February 3, 2006.

*Sheryl L. Lidtke,* assistant district attorney, was on the brief and argued the cause for appellee.

*Sarah Ellen Johnson,* assistant appellate defender, was on the brief and argued the cause for appellant.

The opinion of the court was delivered by

ROSEN, J.: Ricky McGee appeals his conviction for first-degree premeditated murder, claiming that the State violated his right to a statutory speedy trial and the district court should have appointed him new trial counsel.

Due to the nature of this appeal, only the following summarized facts are pertinent. Ricky McGee shot Thomas Dorsey to death on November 8, 2002. The district court issued a warrant for McGee's arrest the next day. Officers arrested McGee on November 10, 2002. McGee confessed to shooting Dorsey shortly after his arrest. Following a preliminary hearing on January 16, 2003, the district court bound McGee over for trial and arraigned him.

On March 3, 2003, McGee filed a motion for a competency evaluation, a notice of his intent to use mental disease or defect as a defense, and a request for a mental evaluation. After a hearing on March 7, 2003, the district court granted McGee's motion and ordered that McGee to be evaluated at Larned State Security Hospital (Larned).

On March 7, 2003, McGee filed a pro se motion seeking the appointment of new trial counsel, claiming that his counsel did not visit him and had not prepared a defense. The district court heard McGee's motion on the same day, after the hearing on McGee's motion for a mental evaluation, and denied the motion.

McGee was admitted to Larned on March 31, 2003, for his mental evaluation and returned to the Wyandotte County jail on July 2, 2003. A psychiatrist at Larned concluded that McGee was competent to stand trial and did not lack the mental state required to commit murder. The psychiatrist's report was received by the State on June 20, 2003. The report was filed with the district court on July 24, 2003. The district court found McGee competent to stand trial on August 8, 2003.

On August 25, 2003, McGee's trial counsel filed a motion to dismiss based on a violation of McGee's statutory right to a speedy trial. Following a hearing, the district court denied the motion on August 29, 2003.

McGee waived his right to a jury trial and agreed to a bench trial based on McGee's taped confession and stipulated facts, including statements from nine witnesses at the scene of the shooting who personally knew McGee and identified him as the shooter. McGee's trial began on September 9, 2003. The district court convicted McGee of first-degree premeditated murder and sentenced him to life in prison. McGee appeals his conviction directly to this court pursuant to K.S.A. 22-3601(b)(1).

## STATUTORY RIGHT TO SPEEDY TRIAL

McGee claims that his conviction must be reversed and this action dismissed because the State failed to bring him to trial within 90 days as required by K.S.A. 22-3402. The resolution of a statutory

speedy trial issue is a question of law subject to de novo review. *State v. Jackson*, 280 Kan. 16, 23-24, 118 P.3d 1238 (2005).
K.S.A. 22-3402 provides, in pertinent part:

"(1) If any person charged with a crime and held in jail solely by reason thereof shall not be brought to trial within 90 days after such person's arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3).

. . . .

"(3) The time for trial may be extended beyond the limitations of subsections (1) and (2) of this section for any of the following reasons:

. . . .

(b) A proceeding to determine the defendant's competency to stand trial is pending and a determination thereof may not be completed within the time limitations fixed for trial by this section."

McGee was arraigned on January 16, 2003, and his bench trial began on September 9, 2003. The time between McGee's arraignment and trial is 236 days. McGee acknowledges that 93 of these days must be charged to him because of his motion for a competency determination but argues that 143 of these days must be attributed to the State based on the time between his arraignment and the date he filed his motion for a competency evaluation, the length of his commitment to Larned in excess of 60 days, the date the State received the competency report from Larned, and the time between the hearing on his motion to dismiss and the beginning of his trial.

McGee's arguments focus solely on his motion for a competency evaluation while ignoring his notice to rely on mental disease or defect as a defense and his motion for a mental evaluation in that regard. However, when the district court granted McGee's motion for a competency evaluation, it also granted his motion for an evaluation of "his mental state at the time of the alleged offense, pursuant to K.S.A. 22-3219."

K.S.A. 22-3219(2) provides:

"A defendant who files a notice of intention to assert the defense that the defendant, as a result of mental disease or defect lacked the mental state required as an element of the offense charged thereby submits and consents to abide by

such further orders as the court may make requiring the mental examination of the defendant and designating the place of examination and the physician or licensed psychologist by whom such examination shall be made. . . . A report of each mental examination of the defendant shall be filed in the court and copies thereof shall be supplied to the defendant and the prosecuting attorney."

When a defendant notifies the court that he or she may use mental disease or defect as a defense, the reasonable delays attributable to the psychiatric evaluation of the defendant by both parties are charged to the defendant for purposes of the speedy trial statute. *State v. Crane*, 260 Kan. 208, 212, 215-16, 918 P.2d 1256 (1996) (charging the time to obtain two evaluations for the State and one evaluation for the defendant to the defendant for speedy trial purposes); *State v. Ji*, 251 Kan. 3, 26-28, 832 P.2d 1176 (1992) (attributing 612 days to defendant for mental evaluation); *State v. Maas*, 242 Kan. 44, 51, 744 P.2d 1222 (1987) (charging defendant with 112 days for psychiatric evaluations). The time charged to the defendant begins with the filing of the defendant's notice to use mental disease or defect as a defense and ends when the examiners' reports are filed with the court. See *Crane*, 260 Kan. at 211, 213-15; *Ji*, 251 Kan. at 28 (using the date the report was filed with the court even though it was more than a year after the report was forwarded to defense counsel); *Maas*, 242 Kan. at 45-46, 51.

In this case, McGee filed his notice to use mental disease or defect as a defense and his request for a mental evaluation on March 3, 2003. The mental evaluation from Larned was filed on July 24, 2003. The time charged to McGee from March 3, 2003, to July 24, 2003, is 143 days.

McGee acknowledges that the time from the date of filing his motion to dismiss to the date of the court's ruling on his motion is attributable to him. McGee filed his motion to dismiss on August 25, 2003. The district court held a hearing and denied McGee's motion on August 29, 2003. Accordingly, another 4 days must be attributed to McGee, making McGee responsible for a total of 147 days of the 236-day delay.

The remaining 89 days must be charged to the State (236-147=89). K.S.A. 22-3402(1) requires that the defendant be brought to trial within 90 days. The State did not violate McGee's

statutory right to a speedy trial, and the district court did not err when it denied McGee's motion to dismiss.

## APPOINTMENT OF NEW TRIAL COUNSEL

McGee claims that the district court should have granted his pro se motion for appointment of new trial counsel. McGee filed his motion on March 7, 2003. The district court heard McGee's pro se motion on March 7, 2003, after the hearing on his motion for a mental evaluation. McGee argues that prejudice should have been presumed when his defense counsel rebutted the claims in McGee's pro se motion. According to McGee, his counsel's statements at the hearing established a conflict of interest. McGee also asserts that the district court failed to properly inquire into the nature of the problems between McGee and his counsel.

A trial court's refusal to appoint new trial counsel is reviewed using an abuse of discretion standard. Judicial discretion is abused when the district court's action is arbitrary, fanciful, or unreasonable. The test for abuse of judicial discretion is whether any reasonable person would take the view adopted by the district court. *State v. Jasper,* 269 Kan. 649, 653, 8 P.3d 708 (2000).

To warrant the appointment of new trial counsel, a defendant must show "justifiable dissatisfaction" with his or her appointed counsel. "Justifiable dissatisfaction" may be demonstrated by showing a conflict of interest, an irreconcilable conflict, or a complete breakdown in communications between the defendant and his or her appointed attorney. *Jasper,* 269 Kan. at 654. McGee has limited his arguments to claiming a conflict of interest.

In his pro se motion, McGee provided the following reasons for seeking the appointment of new trial counsel:

"There is a great lack of concern for this case by my lawyer. I have been here 4 months and have talked to him only one time. And that one time was at preliminary hearing. I have 90 days until trial (post-preliminary hearing) and he still hasn't made any attempt to come and discuss my case. Half of the 90 days has went by and there has been no communication. I have a murder charge in the First degree and I can't see us preparing for trial in this amount of time. And this is my life we are talking about. I am totally dissatisfied with his contributions to this case. Also I'm dissatisfied with the communications problem we are having, and the lack of will to do his job in this case. He has lied about coming to see me

more than once. And has been a no-show at all in the time that I've been in here. We have never discussed my side of the case, and at preliminary hearing he didn't even have copies of the transcripts or witness statements. He is a very ineffective lawyer. I have sent letters to him to come and see me and have had no response. With him as my lawyer I would be facing him as well as the D.A. in court and I would not endure a fair trial. Needless to say who can prepare for a murder trial in (1) one visit."

## At the hearing on McGee's motion, his defense counsel stated:

"And Judge, if I could add a little to this. As far as the factual allegations, going there, I see that it says that I haven't visited Mr. McGee and that's not true. I in fact was going through my file. I visited him shortly after I was appointed to him. We talked about what he wanted to do with his case. He told me that he was planning on going to trial, and he wanted a preliminary.

"So I set a preliminary and reviewed his file. Let him know that's what I was doing. I visited him shortly before the preliminary to let him know what was going to happen at the preliminary. Then we had a lengthy preliminary, after which I spoke to him about my ideas about filing this motion for competency. I spoke to his family about that and let them know what I was planning on doing. And I did so.

"But, Judge, here is the position I'm in. Mr. McGee has been incarcerated with a couple of clients, or one client of mine that's dissatisfied and is taking action against me right now. I think that's part of it.

"But I feel, Judge, I know I have represented him well. I feel I have."

McGee claims that he had an "obvious" conflict of interest with his appointed trial counsel because his trial counsel contradicted McGee's version of the facts. McGee asserts that prejudice should be presumed but cites no authority for that proposition.

To support the argument that his attorney has a conflict of interest, McGee cites *State v. Carter*, 270 Kan. 426, 432-33, 14 P.3d 1138 (2000). In *Carter*, defense counsel defended his client against a conviction for first-degree premeditated murder by conceding that the defendant committed felony murder when he killed someone in the course of an aggravated robbery. 270 Kan. at 429. The *Carter* court held that the defendant was denied the effective assistance of counsel because his attorney premised the defense on the defendant's guilt even though the defendant pled not guilty and objected to the defense strategy. *Carter* is not factually on point with this case. McGee's trial counsel did not concede

McGee's guilt to any charges and did not pursue a defense strategy premised on guilt over McGee's objection.

The Kansas Rules of Professional Conduct prohibit a conflict of interest, precluding a lawyer from representing a client, where the representation may be materially limited by the lawyer's own interests. KRPC Rule 1.7(b) (2005 Kan. Ct. R. Annot. 407). McGee's counsel contradicted McGee's version of the facts. However, contradicting the facts did not compromise any confidential information, concede McGee's guilt, or establish that McGee's counsel had any interest that materially limited his representation of McGee. McGee's complaints center around his counsel's alleged failure to visit him or prepare McGee's defense. McGee's allegations appear to assume that his attorney was not working on McGee's case unless he was in McGee's presence. McGee fails to support this assumption with facts.

In *State v. Lopez*, 271 Kan. 119, 122-23, 22 P.3d 1040 (2001), the defendant requested the appointment of new counsel, claiming that his trial counsel had not talked to him about preparing his defense. Lopez' trial counsel contradicted Lopez' claims, advising the court that he and Lopez disagreed regarding the possible outcome of the case. The district court denied Lopez' request, stating that he had not heard anything that would suggest "that the attorney/client relationship is so conflictive, so strained that this case should not continue." 271 Kan. at 124. This court affirmed the trial court's denial, finding no abuse of discretion. 271 Kan. at 125.

Similarly, the disputed facts in this case indicate a disagreement between McGee and his trial counsel, but that disagreement does not rise to the level of a conflict of interest. McGee bears the burden of establishing that the district court abused its discretion. See *State v. Martis*, 277 Kan. 267, 280, 83 P.3d 1216 (2004). McGee has failed to point to any facts that demonstrate an actual conflict of interest between himself and his trial counsel. Accordingly, the district court did not abuse its discretion when it concluded that there was no conflict of interest between McGee and his counsel.

Next, McGee argues that the district court abused its discretion because it failed to inquire into the nature of his concerns at the

hearing. McGee correctly notes that the district court is required to inquire when it becomes aware of a potential conflict of interest between the defendant and his counsel. See *State v. Taylor*, 266 Kan. 967, 979, 975 P.2d 1196 (1999). However, there is no conflict of interest indicated by the allegations in McGee's pro se motion. McGee's motion indicates that he is dissatisfied with the time and attention he received from his trial counsel. While McGee and his attorney may disagree about the amount of time and attention McGee should receive to adequately prepare McGee's defense, that disagreement does not rise to the level of a conflict of interest.

In addition, McGee thoroughly described his complaints in his pro se motion. McGee's hand-written motion included details regarding McGee's complaints and provided an adequate opportunity for McGee to state the source of his dissatisfaction. McGee has failed to demonstrate any abuse of discretion in denying his motion without giving him the opportunity to verbally air his complaints at the hearing.

We affirm McGee's conviction for first-degree premeditated murder.