NOT DESIGNATED FOR PUBLICATION

No. 117,494

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRIAN ADAM NAMBO,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed July 13, 2018. Affirmed in part, vacated in part, and remanded with directions.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GREEN, P.J., MCANANY and BRUNS, JJ.


PER CURIAM: Brian Nambo appeals his conviction for criminal destruction of property and from the district court's denial of a postconviction motion to remove counsel. Based on our review of the record on appeal, we conclude that there was sufficient evidence presented at trial upon which a finder of fact could conclude that Nambo was guilty of criminal damage to property beyond a reasonable doubt. However, under the circumstances presented, we also conclude that the district court should have appointed another attorney to represent Nambo on his motion to remove counsel. Thus,

1

we affirm Nambo's conviction, we vacate the district court's ruling on the motion for removal, and we remand to the district court for further proceedings.

FACTS

On the night of August 10, 2016, INTRUST Bank Security Officer Daniel Baird was viewing a monitor displaying pictures from security cameras located at various bank branches. In doing so, Baird observed a white man in a white shirt and blue jeans knocking over trashcans near the bank located at Water Street and Douglas Avenue in Wichita. Baird then watched as the man jumped into a fountain on the bank's property and knocked over a statue. Seeing this, Baird called the Wichita Police Department to report the incident. He also sent Security Officer Christian Bills to the scene. Although Bills was unable to make contact with the man, he saw him leave the bank property and head west on Douglas Avenue.

Shortly after Baird contacted the police, Officer Kyle Miller of the Wichita Police Department responded to the scene of the incident. On his way, Officer Miller saw a white man in a white shirt and blue jean shorts on Douglas Avenue—about two or three blocks from the bank—shaking a street sign so hard that "it was just . . . about to be toppled over." Officer Miller made contact with the man, who the officer eventually identified as Nambo. When he made contact, Officer Miller noticed that Nambo's shoes and socks were soaking wet. Accordingly, Officer Miller placed Nambo under arrest.

On August 15, 2016, the State charged Nambo with one count of criminal damage to property valued between $1,000 and $25,000, in violation of K.S.A. 2016 Supp. 21-5813(a)(1). The district court appointed an attorney to represent Nambo. However, on September 9, 2016, Nambo filed a pro se motion to dismiss his attorney. On October 12, 2016, the district court held a hearing on the motion, and ultimately denied it because Nambo failed to demonstrate justifiable dissatisfaction.

2

On November 7 and November 8, 2016, Nambo filed three additional pro se motions, including another motion to dismiss his attorney. The district court held a hearing on Nambo's motions on November 18, 2016. Again, the district court denied Nambo's motion to dismiss counsel because he failed to articulate justifiable dissatisfaction.

On November 23, 2016, Nambo filed five more pro se motions, including a motion for pro se representation. On December 7, Nambo filed two other pro se motions seeking to remove his counsel and waive his right to counsel. On December 9, 2016, the district court held a hearing on Nambo's motions. At the hearing, the district court granted Nambo's motion to proceed pro se.

On December 21, 2016, Nambo filed a motion requesting stand-by counsel. The district court denied Nambo's motion and instead appointed new counsel to represent Nambo. On January 12, 2017, Nambo filed a pro se motion to waive his right to counsel. The district court held a hearing on this motion on January 27, 2017, at which it denied Nambo's motion.

On February 6, 2017, the district court commenced a jury trial. The State presented the testimony of both of the two bank security officers, Baird and Bills, as well as the testimony of Officer Miller. The State also presented the testimony of Christopher Martsolf, a general contractor who rendered an opinion regarding the cost to repair the statue as well as the testimony of Steven Atherton, another bank security officer who testified about the damage to the statue. Additionally, the State offered 11 exhibits into evidence, including the security camera videos, footage from Officer Miller's bodycam, and photographs of the clothing, wet shoes, and wet socks that Nambo was wearing on the night the statue was damaged. Nambo did not offer any witnesses, but he did offer a single photograph of the repaired base of the statue. After deliberation, the jury found Nambo guilty.

3

On February 14 and 15, 2017, Nambo filed several pro se motions—including a motion to remove counsel—that were denied by the district court at a hearing held on February 24, 2017. After the hearing, Nambo filed several additional motions, including another motion to remove counsel that is at issue in this appeal. We note that he filed a motion to waive assistance of counsel and two separate motions to remove counsel between the February 24 hearing and his sentencing hearing. It appears that the district court addressed all of the motions at the sentencing hearing held on March 8, 2017.

Initially, Nambo refused to attend his sentencing hearing. However, his attorney persuaded him to attend. At the hearing, the district court considered the motion to remove counsel. After hearing from Nambo and his attorney, the district court denied the motion and proceeded with sentencing. Ultimately, the district court sentenced Nambo to 16 months in prison followed by 12 months of postrelease supervision.

ANALYSIS

*Sufficiency of Evidence*

Nambo contends that the State failed to offer sufficient evidence of his identity at trial. "'When the sufficiency of evidence is challenged in a criminal case, this court reviews the evidence in a light most favorable to the State to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt.' [Citation omitted.]" *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016). "'In making a sufficiency determination, the appellate court does not reweigh evidence, resolve evidentiary conflicts, or make determinations regarding witness credibility. [Citations omitted.]'" *State v. Dunn*, 304 Kan. 773, 822, 375 P.3d 332 (2016). It is only in rare cases where the testimony is so incredible that no rational fact-finder could find guilt beyond a reasonable doubt that a guilty verdict will be reversed. *State v. Matlock*, 233 Kan. 1, 5-6, 660 P.2d 945 (1983).

The State charged Nambo with criminal damage to property, in violation of K.S.A. 2016 Supp. 21-5813(a)(1), (c)(2). To prove criminal damage to property, the State had to prove: (1) Nambo knowingly damaged property, (2) belonging to INTRUST Bank, (3) without INTRUST Bank's consent, (4) totaling between $1,000 and $25,000 in damage, and (5) within the venue. Nambo only challenges the sufficiency of the evidence that it was he who damaged INTRUST Bank's property. He does not challenge the sufficiency of the evidence as to the other elements of the crime.

Circumstantial evidence may support a verdict, if such evidence provides a basis for a reasonable inference by the fact-finder regarding the fact in issue. Circumstantial evidence, in order to be sufficient, need not exclude every other reasonable conclusion. *State v. Logsdon*, 304 Kan. 3, 25, 371 P.3d 836 (2016). Here, a review of the record reveals that the State offered the testimony of Security Officer Baird, who observed a man in baggy blue jeans and a white shirt step into the INTRUST Bank fountain and knock over the Bank's statue. Similarly, Security Officer Bills testified that he watched the man who knocked over the statue walk away from the Bank westbound on Douglas Avenue.

Next, Officer Miller testified that he found Nambo on Douglas Avenue about two to three blocks west of the INTRUST Bank. At the time, Nambo—who was evidently attempting to knock over a street sign—was wearing a white shirt and blue jean shorts. Officer Miller further testified that Nambo's shoes and socks were soaking wet at the time of his arrest. Finally, the jury was able to review the video of the person pushing over the statue, photographs of the clothes Nambo was wearing at the time of his arrest, photographs of Nambo's wet shoes and socks taken shortly after his arrest, and Officer Miller's body camera footage of his interaction with Nambo on the night of the crime.

On appeal, we must weigh all reasonable inferences from the evidence in favor of the State. *Rosa*, 304 Kan. at 432-33. We are not to reweigh the evidence or to view it in

5

Nambo's favor. See *Dunn*, 304 Kan. at 821-22. Although some of the evidence presented at trial was circumstantial, it is sufficient to support a conviction when viewed in the light most favorable to the State. We, therefore, affirm Nambo's conviction.

*Motion to Remove Counsel*

Nambo also contends that the district court erred in denying one of his multiple motions to remove counsel. In particular, Nambo contends that the district court erred in denying the motion to remove counsel heard at his sentencing hearing. Specifically, Nambo submits that the district court erred by allowing his attorney at the time to argue against his motion to remove counsel.

We review a district court's decision on a criminal defendant's motion for abuse of discretion. *State v. Pfannenstiel*, 302 Kan. 747, 760, 357 P.3d 877 (2015). An abuse of discretion can occur if judicial action is (1) arbitrary, fanciful, or unreasonable, i.e., no reasonable person would take the view adopted by the trial court; (2) based on an error of law, i.e., the discretion is guided by an erroneous legal conclusion; or (3) based on an error of fact, i.e., substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012).

A defendant is entitled to effective assistance of counsel during all critical stages of a criminal proceeding, including sentencing hearings. *Pfannenstiel*, 302 Kan. at 758. Moreover, a defendant's attorney should be free of conflicts of interest or divided loyalties. 302 Kan. at 758. However, a defendant is not entitled to choose which attorney the district court appoints to represent them. 302 Kan. at 759.

A district court has a duty to determine if a pro se motion raises a potential conflict of interest between a defendant and counsel. If a potential conflict is apparent, the district

6

court should make an appropriate inquiry about the allegations to determine whether they warrant the appointment of a new attorney. *State v. Sharkey*, 299 Kan. 87, 96, 322 P.3d 325 (2014). If the district court fails to make an adequate inquiry, it is an abuse of discretion. See 299 Kan. at 98.

Generally, a district court is not required to appoint substitute counsel for a defendant when making an inquiry regarding a potential conflict of interest between a defendant and counsel. *Pfannenstiel*, 302 Kan. at 765. Furthermore, the inquiry into any justifiable dissatisfaction a defendant has with their attorney does not—in and of itself—create a conflict of interest necessitating the appointment of a substitute attorney. Nevertheless, the inquiry can cross into a conflict if the attorney goes beyond discussing the facts relating to the attorney-client relationship and begins expressing opinions on the merits of the defendant's motion. 302 Kan. at 766-67.

A review of the record reveals that defense counsel not only addressed the facts relating to his relationship with Nambo but also argued the merits—or lack thereof—of Nambo's motion to remove counsel. When asked by the district court whether there had been "a complete breakdown in communication," Nambo's attorney responded:

> "Judge, we get a lot of these motions for new trial or for new counsel, generally, though, they're before a jury trial setting. Here we're in a posture that Mr. Nambo has been tried and convicted. Obviously, an extremely dangerous precedent could be set here if a defendant was allowed to change counsel after he's lost his trial. The litigation would be never-ending, and the cost – and the unnecessary cost and burden would skyrocket. There's been no communication breakdown, Judge. . . .

> "Judge, Mr. Nambo, I'm his second lawyer. He was—he filed motions to remove his first attorney . . .—maybe more than one. I took over the case, we negotiated a plea offer, he rejected it. We went through trial, he made a strategic decision to not testify at that trial. This was all on the record. The Court did a wonderful job of allowing Mr. Nambo to make the record, as well as the parties.

7

"Judge, I have filed a motion for new trial, I have filed a motion for judgment of acquittal, I have filed a motion for dispositional and durational departure. Those are the motions that are appropriate and need to be heard prior to sentencing and I'm ready to argue those motions.

"Judge, Mr. Nambo has been informed that when he goes pro se he needed to understand that he would be in charge of his case. Likewise, when he jumped out of being pro se and back to appointed counsel, he was informed that the motions that were going to be filed and heard were going to be determined by counsel. And that is what's happened. No lawyer is going to argue any different motions at this point than I am prepared to do today on Mr. Nambo's behalf.

"Mr. Nambo is well aware that after today he'll have a date certain which he has to file an appeal, and I will process that appeal for him. He will also be instructed down the road of his rights to a 1507, where he can allege ineffective assistance of counsel and at the trial level or before the trial. But that is not an appropriate matter today.

"Judge, a defendant can't claim communication breakdown when he's refusing to cooperate with his attorney and walks out of pro vis or refuses to come to court even. We have had an opportunity, both in trial together, we communicated during that trial, I listened to his suggestions, what he wanted me to ask. Some of it was appropriate, much of it was not. And the motions that are on file are the appropriate motions to be heard at this point, protecting his rights for both appeal and possibly a 1507 if he chose to have it.

"So, Judge, there's absolutely no reason that I shouldn't proceed to counsel—with—as counsel and he shouldn't be sentenced today. It is in his best interest to be sentenced today given the posture of what I anticipate the State asking for. It could save him a considerable amount of jail time. At a minimum, I've explained this to him today when I was taken down to the jail to help convince him to come up here today. So, Judge, we're prepared to go forward with sentencing subsequent to your inquisition of Mr. Nambo."

Although Nambo's attorney was attempting to assist the district court in evaluating the motion, we find that his response veered into the realm of argument.

8

The State argues that this situation is similar to *State v. McGee*, 280 Kan. 890, 126 P.3d 1110 (2006). In *McGee*, the Kansas Supreme Court determined that an attorney's mere contradiction of the client's testimony on facts of the attorney-client relationship does not rise to a conflict of interest. 280 Kan. at 896. Although we agree that mere contradiction regarding the facts does not necessarily rise to the level of a conflict of interest, Nambo's attorney went further by arguing the merits—or lack of merits—of the motion. While his statements may be true, they go beyond the mere contradiction found to be acceptable in *McGee*. Thus, we vacate the district court's ruling on the motion for removal of counsel and remand this matter for appointment of a new attorney to represent Nambo on his motion.

Affirmed in part, vacated in part, and remanded for further proceedings.