**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 12, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RICKEY B. MARKS,

    Petitioner - Appellant,

v.

SAM CLINE,

    Respondent - Appellee.

No. 20-3071
(D.C. No. 5:18-CV-03065-HLT)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**
_____

Before **HARTZ**, **KELLY**, and **EID**, Circuit Judges.
_____

    Rickey B. Marks, a Kansas inmate appearing pro se, seeks a certificate of

appealability ("COA") so that he may appeal the district court's dismissal in part and

denial in part of his 28 U.S.C. § 2254 petition for habeas corpus. *Marks v. Cline*,

No. 5:18-CV-03065-HLT, 2020 WL 1812267, at *8 (D. Kan. Apr. 9, 2020). To obtain a

COA he must make "a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on

the merits ... [t]he petitioner must demonstrate that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong." *Slack v.*

_____

    [*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*McDaniel*, 529 U.S. 473, 484 (2000).  Where a claim has been denied on procedural grounds, the petitioner must additionally demonstrate "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*  Because Marks has failed to make either showing, we deny his request for a COA.

## I.  BACKGROUND

The parties are familiar with the facts and we need not restate them here.  Suffice it to say that a Kansas jury convicted Marks of first-degree murder for fatally stabbing his wife, Rozeta, in 2008.  At trial, Marks testified in his own defense.  He admitted that he stabbed Rozeta but claimed the incident was the result of a sudden argument and did not involve premeditation.  Marks requested, and received, a jury instruction on self-defense. The court further instructed the jury on the lesser-included offenses of intentional murder in the second degree, voluntary manslaughter, and involuntary manslaughter.  After the jury convicted him of first-degree murder, Marks appealed directly to the Kansas Supreme Court, which affirmed his conviction.  *See State v. Marks*, 298 P.3d 1102, 1107 (Kan. 2013).

Marks then initiated state post-conviction proceedings under Kan. Stat. Ann. § 60-1507, raising nine issues.  A Kansas state district court held an evidentiary hearing, considered all nine issues, and denied relief.  The Kansas Court of Appeals ("KCOA") affirmed.  *Marks v. State*, 395 P.3d 848, at *1 (Kan. Ct. App. 2017) (unpublished).

## II.     ANALYSIS

To obtain relief on a § 2254 petition in federal court, a petitioner must first exhaust all available remedies in state court. *See* 28 U.S.C. § 2254(b)(1)(A). The petitioner must demonstrate cause and prejudice or a fundamental miscarriage of justice for those issues defaulted in state court on an adequate and independent state procedural grounds. *Smallwood v. Gibson*, 191 F.3d 1257, 1268 (10th Cir. 1999). A state procedural ground is independent if it relies on state law, rather than federal law, *id.*, and adequate if it was "firmly established and regularly followed when the purported default occurred," *McCracken v. Gibson*, 268 F.3d 970, 976 (10th Cir. 2001) (internal quotation marks omitted). For issues that a court does reach on the merits, a petitioner is not entitled to relief unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

In his amended petition, Marks raised five issues. He asserted that (1) his trial counsel was constitutionally ineffective, (2) his trial was tainted by prosecutorial misconduct, (3) the trial court denied his Sixth Amendment right to counsel when it denied his request to substitute his third court-appointed attorney, (4) his appellate counsel was constitutionally ineffective, and (5) improper closing arguments by the prosecution amounted to structural error. The district court denied the petition, concluding that some portions were procedurally barred, some portions were

3

unexhausted, and, for those portions that remained, Marks failed to demonstrate that the KCOA decision was contrary to or involved an unreasonable application of clearly established federal law, or that it involved an unreasonable determination of the facts in light of the evidence presented in the Kansas proceeding. Given our standards of review, the district court's assessment of Marks' claims is not reasonably debatable as we explain below.

### 1. Effectiveness of Trial Counsel

Marks argues his state trial counsel was ineffective in five respects: (a – c) he did not seek suppression of certain physical evidence (Marks' cellphone, photographs therein, and Marks' clothes) which the arresting officers took without a warrant; (d) he did not spend adequate time preparing for trial; and (e) he did not sufficiently investigate a possible prior incident of violence involving Rozeta.

The district court did not reach the merits of subclaims (a) through (c) because they were barred by adequate and independent state grounds: namely, Kansas' rule that arguments presented for the first time on appeal are waived, and its rule that "mere trial errors" cannot be raised for the first time on collateral review. *See State v. McCullough*, 270 P.3d 1142, 1164 (Kan. 2012); Kan. Sup. Ct. R. 183(c)(3) (requiring exceptional circumstances to raise trial errors affecting constitutional rights not raised on direct appeal); *Marks*, 395 P.3d at *4 (applying both rules).

Citing *State v. Frye*, 277 P.3d 1091, 1095 (Kan. 2012), Marks argues that Kansas courts do not regularly follow the preservation rule and therefore the rule cannot serve as an adequate ground to bar review. *Frye*, though, held only that the preservation rule was

4

not *jurisdictional*, 277 P.3d at 1095, and a rule need not be jurisdictional to be regularly followed.

Marks also argues that the KCOA violated his rights to equal protection by applying the preservation rule in his case but not others. We do not consider this argument because Marks did not raise it before the district court. *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1240 (10th Cir. 2005). Marks further argues the procedural bar does not apply to these claims because, notwithstanding the state procedural default, the KCOA also addressed them on the merits. But a state court reaching the merits of a claim in an alternative holding, as this one did, does not nullify the procedural bar. *See Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

Finally, relying on *Haywood v. Drown*, 556 U.S. 729 (2009), Marks argues that all state procedural bars are unconstitutional under the Supremacy Clause. But, while *Haywood* held states cannot divest their courts of general jurisdiction to hear federal claims, *id.* at 740–41, it did not do away with the doctrine of procedural default, which the Supreme Court has continued to apply in habeas cases. *See Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). Given his procedural default, Marks has not established cause and prejudice or a fundamental miscarriage of justice which would allow review of such claims. *See Smallwood*, 191 F.3d at 1269.

The KCOA did reach the merits of subclaims (d) (insufficient time spent preparing for trial) and (e) (failure to investigate a prior incident of violence involving Rozeta), so the district court reviewed its decision under the deferential standards of § 2254(d). The KCOA correctly identified the clearly established federal law for ineffective assistance

claims: the two-part test in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), requiring a claimant to show (1) that counsel's performance fell below an objective standard of reasonableness and (2) resulting prejudice. *See Marks*, 395 P.3d at *7 (applying *Strickland*).

The KCOA rejected Marks' ineffective assistance subclaim related to pretrial preparation for several reasons. Trial counsel spent more time preparing for the trial than Marks realized, Marks' post-conviction counsel acknowledged "it did not appear to this counsel anyway that [trial counsel]'s performance was in any way hindered or affected," and Marks failed to connect the allegedly inadequate preparation with any specific trial errors. *Id.* at *8.

The KCOA also rejected Marks' ineffective assistance subclaim related to the prior incident with Rozeta. Even assuming deficient performance, the alleged incident was remote in time and Marks conceded at an evidentiary hearing that Rozeta had never been violent with him. *Id.* at *10. Marks therefore failed to show prejudice because he could not show the alleged evidence, if it existed, was relevant or admissible. *Id.*

The district court's conclusion that the KCOA applied the correct law and came to reasonable conclusions is not reasonably debatable. Marks provides no persuasive basis to upset these conclusions; he simply reiterates the substance of his ineffective assistance allegations.

Marks also argues the district court erred in failing to consider the ineffective assistance subclaims cumulatively. But cumulative error does not apply when none of

6

the claims presented involves error. *United States v. Rivera*, 900 F.2d 1462, 1471 (10th Cir. 1990) (en banc).

### 2. *Prosecutorial Misconduct*

In his second issue on appeal, Marks asserts prosecutorial misconduct violated his right to due process. That misconduct allegedly consisted of using illegally seized evidence and making improper statements in closing arguments. The district court addressed the illegal-seizure argument in connection with Marks' ineffective assistance claims and addressed the improper-closing-statement argument in connection with Marks' claims of structural error. Both dispositions are not reasonably debatable as set forth *supra* at II.1 and *infra* at II.5 so we need not consider these duplicative arguments separately.

### 3. *Denial of Request for Substitute Counsel*

In his third issue on appeal, Marks argues the trial court violated his Sixth Amendment right to counsel when it denied his third request for new counsel to substitute for his court-appointed attorney. The state courts reached the merits of this claim during his state habeas proceedings, so the district court reviewed it under the deferential standards of § 2254(d).[1] Marks' trial counsel testified that in addition to time spent with

---

[1] Marks argues that the decision of the KCOA should not be accorded deference for lack of Supreme Court precedent. Aplt. Br. at 8. But the KCOA applied Kansas state law, under which substitution of appointed counsel requires a showing of "justifiable dissatisfaction" with appointed counsel such as a conflict of interest, irreconcilable conflict, or a complete breakdown of communication. *See State v. McGee*, 126 P.3d 1110, 1113 (Kan. 2006). *Marks*, 395 P.3d at *6 (applying *McGee*). And this test is nearly identical to that under federal law. *Compare United States v. Padilla*, 819 F.2d 952, 955 (10th Cir. 1987) *with McGee*, 126 P.3d at 1113.

Marks, he worked on Marks' case in his office and at home. *Marks*, 395 P.3d at *7. Further, Marks' trial counsel produced letters where he and Marks discussed specific pieces of evidence and trial strategy. *Id.* The KCOA concluded, under these circumstances, that the trial court did not abuse its discretion when it denied the motion for substitute counsel because Marks failed to show a breakdown in communication, conflict of interest, or irreconcilable conflict. *Id.* at *7–*8. The federal district court concluded this determination was reasonable.

Marks' appellate arguments on this issue repeat his arguments in connection with his fourth and fifth claims of ineffective assistance of counsel. Aplt. Br. at 8. We reject these arguments for the reasons set forth *supra* at II.1.

### 4. *Effectiveness of Appellate Counsel*

In his fourth issue on appeal, Marks argues his counsel on direct appeal was constitutionally ineffective for not challenging the admission of his phone and clothing into evidence. The district court did not reach this issue because of the procedural bar. In an effort to avoid the procedural bar, Marks advances the same arguments he made in connection with his claims of ineffective assistance of trial counsel. We reject those arguments for the reasons set forth *supra* at II.1.

### 5. *Structural Error from Improper Closing Argument*

In his fifth issue on appeal, Marks argues the "state committed structural error by giving the jury an erroneous definition of premeditation that improperly lowered the state's burden of proof." Aplt. Br. at 9 (capitalization omitted). Specifically, he

8

challenges the prosecution's statement during closing arguments that "intent can be formed during the act itself." *See id.*

The Kansas Supreme Court reviewed this statement on direct appeal and although it determined that the statement was improper, it did not require reversal because it was not flagrant and did not affect the trial's outcome. *Marks*, 298 P.3d at 1111. The trial court properly instructed the jury on the law of premeditation, and it instructed that arguments of counsel are not evidence.

Before the state courts, Marks argued only that the prosecution's statements were improper and prejudicial. The Kansas Supreme Court agreed the statements were improper but disagreed that they were prejudicial. *Id.* at 1111–12. In his federal habeas petition, Marks argued for the first time that the prosecution's statements amounted to structural error. The federal district court's conclusion that this claim is unexhausted and procedurally barred is not reasonably debatable. Moreover, it is highly doubtful that an isolated comment by a state prosecutor could constitute structural error, that is error that renders a trial fundamentally unfair and not amenable to harmless error analysis. *Marks*, 2020 WL 1812267, at *4 n.2.

## III.  CONCLUSION

For the foregoing reasons, we deny a COA and dismiss this appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

9